EX PARTE KENNETH LEE KIDD

No. A-6006. Decided October 24, 1956.
Rehearing Overruled November 21, 1956.
(294 S.W. 2d Series 705)

*Musick, Shepherd & Musick* and *Ted Musick,* all of Houston, for relator.

On the question of the jurisdiction and right of the 151st district court of Harris County to order relator in contempt of a child support order issued by the 61st District Court of the same county in a divorce proceeding between said relator and his wife Mary Jean Kidd. Ex parte Goldsmith, 290 S.W. 2d 502; Ex parte Webb, 266 S.W. 2d 856; Ex parte White, 229 S.W. 2d 1002.

*Yarborough, Brigman & Talley,* and *Monroe R. Talley,* for respondent.

MR. JUSTICE GRIFFIN delivered the opinion of the Court.

Relator came before this Court with a petition alleging that he had been adjudged in contempt by the Judge of the 151st District Court of Harris County, Texas for violation of a judgment of the 61st District Court of Harris County, Texas. It was alleged that Relator had been divorced from his wife on February 10, 1956 by a judgment of the 61st District Court and ordered to make certain payments for the support of his children by the marriage with the wife from whom he was divorced. It

was for failure to make the payments for the support of his children required by the 61st District Court judgment of February 10th, that Relator alleged he was adjudged in contempt and ordered imprisoned.

■ Upon a hearing of this cause and answer of respondent, Mary Jean Kidd, the divorced wife of Relator, it develops that there is a disputed issue of fact between Relator and respondent. As said above, Relator contends the order of contempt was issued out of the 151st District Court while respondent contends the order was issued out of the 61st District Court. In order to secure his discharge, Relator must show that he is being confined by virtue of a judgment that is wholly void. 21 Texas Jur. 386, Sec. 8, et seq.; 9 Texas Jur. 641, Sec. 48.

■ No transcript has been brought up by Relator. Neither has he brought up a certified copy of the judgment under which he was incarcerated. There is attached to Relator's application a carbon copy of an instrument which might be a judgment of the 151st District Court ordering Relator confined, but this instrument is not signed by any judge; it does not show that it has been filed or recorded in the minutes of any court, and there is no certificate of the District Clerk of Harris County that such copy is a true and correct copy of the original judgment entered. The numbering of this instrument—if such it can be called—does correspond with the number of the cause in the 61st District Court in which the divorce decree and support order was entered; however, the caption of this instrument shows it was prepared for filing in the 151st District Court. As we have pointed out above, respondent denies, under oath, that the contempt order under which Relator is held was an order of the 151st District Court, and, on the contrary, swears it was an order out of the 61st District. Since both parties admit that Relator is held in custody under some judgment of a district court of Harris County, Texas, and since the district courts of Harris County have jurisdiction to adjudge Relator guilty of contempt, and since there is no showing that the judgment under which Relator is held is void, and since a habeas corpus proceeding is a collateral attack on such judgment, it must follow that Relator cannot be released, but must be remanded to the sheriff of Harris County, Texas, until he purges himself of contempt.

If the correct and true judgment under which Relator is confined reads in part as the instrument which Relator claims is the judgment entered, then Relator can only be confined for a period of two additional days. He has served one day of his sentence for contempt. The wording of such purported judgment

is in the alternative. The pertinent part is as follows, "* * * and his punishment for such contempt is here fixed by requiring that he be committed to the County Jail of Harris County, Texas, for a period of 3 days, *or* until he purges himself of such contempt." This provides two methods whereby Relator can satisfy the judgment: first, serve three days in jail; or, second, pay the arrears in the child support payments. He is entitled to be released from custody when he has complied with one or the other of the above methods.

Relator's application for writ of habeas corpus is denied, and he is remanded to the custody of the Sheriff of Harris County, Texas, until such time as he purges himself of contempt.

Opinion delivered October 24, 1956.

Rehearing overruled November 21, 1956.